1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| HEVI MOHAMMED, individually, and as personal representative of the estate of ALI MUSTAFA SAEED, and the beneficiaries of the estate including K.S., and V.S.; DAWOOD AMEDI, individually and KAVI MOHAMMED, individually, and as parents and legal guardians of N. A. and L. A., and AMEDI'S LANDSCAPING,<br><br>Plaintiffs,<br>v.<br><br>UNITED STATES OF AMERICA, BONNEVILLE POWER ADMINISTRATION; and RESOURCE MANAGEMENT ASSOCIATES, INC., an Oregon Corporation,<br><br>Defendants. | No.<br><br>**COMPLAINT FOR DAMAGES**<br><br>**JURY DEMAND** |

COMES NOW the above-named Plaintiffs by and through their attorneys of record, John R. Connelly and Micah R. LeBank of Connelly Law Offices, and by way of claim alleges upon personal knowledge as to themselves and their own actions, and upon information and belief upon all other matters, as follows:

/ / /

COMPLAINT - 1 of 11

**CONNELLY LAW OFFICES, PLLC**
2301 North 30th Street
Tacoma, WA  98403
(253) 593-5100 Phone - (253) 593-0380 Fax

## I.     PARTIES

1.     Plaintiff, HEVI MOHAMMED, is the wife and Personal Representative of the Estate of ALI MUSTAFA SAEED.  ALI MUSTAFA SAEED, deceased, was the proud husband of HEVI MOHAMMED and father of eight-year-old son and six-year-old daughter and owner of AMEDI's LANDSCAPING.  He was with his brother DAWOOD AMEDI, when Defendant Cox drove BPA's Ford F-550 truck into his trailer and killed him. His wife, HEVI MOHAMMED, is the Personal Representative of his Estate, and brings these claims on her own behalf and on behalf of the estate and all of its beneficiaries: including their eight-year-old son, K. S., and six-year-old daughter, V. S. as well as herself.

2.     DAWOOD AMEDI, is a proud father of a young daughter and son with his wife KAVI MOHAMMED.  DAWOOD is the older brother of ALI MUSTAFA SAEED, who owned Amedi's Landscaping.  Dawood was present and witnessed Defendants crash into his vehicle, witnessed the severe injuries negligently inflicted on his brother, and held his younger brother in his arms as ALI died on February 29, 2016 as a result of the negligence of Defendants.  Dawood brings this claim, individually, and as parent and legal guardian of N. A., age six-years, and L. A., age five-years.  KAVI MOHHAMED, the wife of DAWOOD, brings this claim individually and as parent and legal guardian of their young children N.A. and L. A.

3.     Defendant BONNEVILLE POWER ADMINISTRATION ("BPA") is a federal agency operating as a part of the United States Department of Energy.  BPA markets electrical power from 31 federal hydroelectric projects, and manages three-fourths of the high-voltage transmissions in the Pacific Northwest.  BPA states its core value is safety in everything BPA does.  BPA owned the Ford F-550 that drove off the freeway directly into

COMPLAINT - 2 of 11

**CONNELLY LAW OFFICES, PLLC**
2301 North 30th Street
Tacoma, WA  98403
(253) 593-5100 Phone - (253) 593-0380 Fax

1  Plaintiff's truck and trailer striking and killing Ali Mustafa Saeed and seriously injuring
2  Dawood Amedi.

3    4.    Defendant Resource Management Association, Inc. ("RMA") lends employees
4  to agencies, like BPA, for engineering, technical, construction, training, project management,
5  and project inspection services.  RMA is an Oregon corporation with a registered agent and
6  Principal Place of Business located at 7105 SW Hampton St Suite 200, Tigard, OR 97223.

7    5.    Steven M. Cox was an employee of RMA, who was working for BPA when he
8  drove off Highway 18 with the large BPA Ford F-550 he was driving and crashed into Ali
9  Saeed and Dawood Amedi's trailer and truck, causing serious and irreversible injury to
10  Dawood, killing Ali, and forever changing Dawood's life and the lives of the Plaintiffs'
11  family members and children who loved and depended upon Ali and Dawood.  Cox was
12  acting within the course and scope of his employment with BPA and RMA at all times
13  material thereto and they are responsible for his conduct under the doctrine of *respondeat*
14  *superior* and otherwise, and under the Federal Tort Claims Act 28 U.S.C. § 1346(b)(1).

## II.    JURISDICTION AND VENUE

16    6.    This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1367.
17  This action is authorized and instituted pursuant to 28 U.S.C. § 1346.  This Court has
18  supplemental jurisdiction over any and all state law claims pursuant to 28 U.S.C. § 1367.

19    7.    Plaintiffs have filed a standard federal tort claim for each plaintiff with the
20  Bonneville Power Administration, which the United State denied pursuant to 28 U.S.C. §
21  2675(b) and which was rejected on September 6, 2016 by the Department of Energy,
22  Bonneville Power Administration.

23    8.    Venue is proper in the Western District of Washington pursuant to 28 U.S.C. §

1391 because Defendants' negligence occurred within the Western District of Washington in King County, Washington.

### III.   STATEMENT OF FACTS

9.   Defendant BPA, a federal agency, entered a service agreement with Defendant RMA on September 3, 2015 for a term lasting from September 20, 2015 until September 19, 2016.  Under that service agreement, RMA provided Cox to perform work on behalf of BPA, and in return, BPA provided the equipment including a BPA owned Ford F550 Truck, tools, materials, direction, instruction, and supervision, as to how the work was to be performed on BPA power stations for the benefit of BPA and for BPA's official business purposes.

10.   Through BPA and RMA's agreement and BPA's instruction, BPA told Cox what to do, including how to drive BPA's F-550 work truck, where to drive BPA's truck, and when to drive BPA's truck.  BPA supervised and controlled Cox's performance.

11.    On the night of February 28, 2016 Cox checked into and stayed at a hotel approved by BPA near Auburn, Washington for official BPA business.

12.   On the morning of February 29, 2016 Cox got into BPA's F-550 truck, and drove eastbound on Highway 18 for purposes of official BPA business, as instructed by BPA.

13.   As Cox was driving BPA's F-550 truck sixty miles-per-hour in the far right lane of Highway 18, he observed a trailer and truck located three feet off of the highway on a wide shoulder.

14.    Cox did not give any space to the pulled over vehicle, or slow down.

15.   Instead, Cox took his eyes off the road, and looked down at his radio.  At this point, he was failing to pay proper attention to the roadway.

16.   While Cox was not paying attention to the roadway, he drove BPA's F-550

1    work truck over three-feet off of the right side of Highway 18.  With his eyes off of the
2    roadway in front of him, Cox drove past, and over, the bright orange caution cone set eight
3    feet behind the pulled over trailer without noticing it.

4    17.    At 8:30 AM, as a direct result of Cox's failure to watch where he was going,
5    the BPA truck he was driving, went off of the road and crashed directly into Ali Saeed and
6    Dawood Amedi's trailer at sixty miles-per-hour as the brothers were fixing their flat tire.  The
7    trailer "jack-knifed" and pinched Ali Saeed between the trailer and truck before launching
8    him fifteen feet through the air to land head first onto the pavement next to the driver-side
9    door of his truck.  Dawood was hit by the swinging trailer at the same moment his younger
10   brother was hit.  Dawood had no idea someone had slammed their trailer until it sent his
11   brother airborne, and then struck Dawood, breaking his ribs, lacerating his liver and causing
12   serious and permanent injury to his body.  Ali Saeed suffered crushing injuries, which
13   ultimately killed him.

14   18.    Cox was acting within the scope of BPA's employment when he negligently
15   failed to keep a proper look-out, failed to remain in his lane of travel, took his eyes off of the
16   road, allowed his truck to drift onto the shoulder where Ali and Dawood's vehicle and trailer
17   were in a stationary position safely off of the road and past the fog-line, and blew through Ali
18   and Dawood's orange caution cone, and trailer striking the trailer at a high rate of speed.

19   19.    When Dawood gathered his senses, he immediately searched for his younger
20   brother, whom he last saw violently flying through the air.  Dawood hobbled to the front of
21   the truck to see his brother Ali in great pain, bleeding from his mouth, nose, and ears with his
22   limp left leg fractured in the road.

23   20.    Dawood wrapped his bleeding brother in his arms and tenderly pulled him out

CONNELLY LAW OFFICES, PLLC
2301 North 30th Street
Tacoma, WA  98403
(253) 593-5100 Phone - (253) 593-0380 Fax

1 of the road, and held him.

2     21. Ali died in his older brother's arms on the asphalt of Highway 18.

3     22. Ali suffered tremendously after sustaining massive physical injuries including internal injuries, having his legs broken, and skull fractured from the trailer violently colliding with his body before dying in the grasp of his older brother Dawood.  He suffered mental and emotional anguish, fear of impending death, pre-death terror, and physical and mental pain and suffering as he lost his life on the road.

    23. Dawood suffered physical and emotional pain, suffering, emotional distress and anguish and permanent physical and mental injury from his own injuries and as a result of watching his brother die in his arms in great pain caused by the negligent driving of BPA's F-550 truck.

    24. Dawood was present at the scene and directly witnessed the injuries that were negligently inflicted on his brother, Ali.  He held him in his arms as he breathed his last breaths.  Dawood has suffered from severe emotional distress and has been diagnosed with Post Traumatic Stress Disorder as a result of the crash and witnessing his brother's injuries and death.  Dawood continues to experience flashbacks, nightmares, and other emotional distress that were directly and proximately caused by Defendants negligence.

### IV. FIRST CAUSE OF ACTION –
### NEGLIGENCE AGAINST THE UNITED STATES

    25. The Federal Tort Claims Act, 28 U.S.C. § 1346, creates liability against the United States for any negligent or wrongful act or omission of any employee of the Federal Government while in the scope of employment in accordance with the law of the place where the act or omission occurred.

Connelly Law Offices, PLLC
2301 North 30th Street
Tacoma, WA  98403
(253) 593-5100 Phone - (253) 593-0380 Fax

26. In Washington State, and everywhere else, drivers have a duty to exercise ordinary care under the circumstances, including maintaining a proper lookout, staying in one's lane of travel, remaining alert, and keeping control of one's vehicle.

27. BPA is liable for the acts and omissions of its agents, including "loaned servants," that are acting within the course and scope of their employment.[1]

28. Steven M. Cox was a loaned employee of BPA on February 29, 2016 and was acting within the course and scope of his employment when the F-550 BPA truck he was driving slammed into Ali and Dawood's trailer and subsequently crushed the brothers.

29. While on official BPA business Cox failed to exercise ordinary care, maintain a proper lookout, stay in his lane of travel, remain alert, and keep control of his vehicle when he negligently crossed the fog-line and slammed into Ali and Dawood's trailer.

30. Under Washington law including RCW 46.30.020 all vehicles are required to maintain liability insurance coverage or self-insurance coverage. BPA represented that the vehicle was self-insured. Should BPA attempt to deny responsibility for the harm caused by its vehicle and the operator under its self-insurance, BPA acted negligently in entrusting the BPA Ford F-550 to RMA and Cox without liability insurance in effect and in allowing RMA and Cox to operate the BPA Ford F-550 without liability insurance or self-insurance in violation of Washington law.

31. As a result of Defendants negligence, Ali suffered excruciating pain for several minutes before dying on the side of Highway 18, without having the chance to tell his wife

---

[1] Plaintiffs note the "loaned servant" doctrine has been recognized by federal courts in the context of FTCA claims for decades. *See generally United States v. N.A. Degerstrom, Inc.*, 408 F.2d 1130, 1132 (9th Cir. Wash. 1969) (holding under FTCA "an employee of the Government could . . . be a loaned servant").

1  and two kids how much he loved them.

2  32. As a result of the negligence of Cox on behalf of BPA, Dawood suffered severe injuries and severe emotional distress seeing his younger brother's broken body flung through the air, and holding him in his arms for the last moments of his tragically shortened life. Dawood has been diagnosed with Post Traumatic Stress Disorder as a result of witnessing the injuries to his brother, Ali. On top of this, Dawood suffered significant and independent emotional and mental trauma including broken ribs, and a lacerated liver.

33. As a result of the negligence of Cox on behalf of BPA, Hevi Mohammed lost her husband of nine years, and had to tell their six and eight-year-old children they would never see their father again. Hevi must now raise her young children without the help of her husband, and their father. Hevi and her children have suffered emotional distress, loss of Ali's love, affection, society, consortium, including damages for destruction of the parent-child and husband-wife relationship from BPA's negligence.

34. As a result of the negligence of Cox on behalf of BPA, Dawood is not the same father and husband he took pride in being. His family has suffered loss of love, affection, society, consortium, including damages for harm of the parent-child and husband-wife relationship.

35. As a result of the negligence of Cox on behalf of BPA, Ali and Dawood's work truck, trailer, and most of their lawn maintenance tools are destroyed. Their family business has suffered greatly from the loss of Ali's life, Dawood's injuries, and their equipment at the hands of BPA's negligence. All plaintiffs have suffered great emotional and physical pain and suffering and general and special damages as a result of the death of Ali and injuries to Dawood. The child beneficiaries have had the relationship with their father's

irreparably destroyed as have the wives of these two Plaintiffs.

## V. SECOND CAUSE OF ACTION – NEGLIGENCE AGAINST RMA

36. RMA is liable for the acts and omissions of its employees in the course and scope of their employment.

37. Cox was an employee of RMA when he negligently drove more than three-feet off of Highway 18, into Ali and Dawood's trailer on February 29, 2016.

38. Cox was acting within the scope of his RMA employment when he killed Ali, and severely injured Dawood.

39. Cox had a duty to exercise ordinary care by maintaining a proper lookout, staying in his lane of travel, remaining alert, and keeping control of his vehicle.

40. Cox violated his duty to exercise ordinary care when he slammed into Ali and Dawood's trailer.

41. As a result of the negligence of Cox on behalf of RMA, Ali suffered excruciating pain for several minutes before dying on the side of Highway 18 without having a chance to tell his wife and two kids how much he loved them.

42. As a result of the negligence of Cox on behalf of RMA, Dawood suffered emotional distress seeing his younger brother's broken body flung through the air, and holding him in the last moments of his tragically shortened life.  Dawood has been diagnosed with Post Traumatic Stress Disorder as a result of witnessing the injuries to his brother, Ali.  On top of this, Dawood also suffered broken ribs, and a lacerated liver.

43. As a result of the negligence of Cox on behalf of RMA, Hevi Mohammed will never wake up next to her husband of nine years again, and had to tell their six and eight-year-old children they would never see their father again.  Hevi must now raise her young children

1  without the help of her husband, and their father.  Hevi and her children have suffered

2  emotional distress, loss of Ali's love, affection, society, consortium, including damages for

3  destruction of the parent-child and husband-wife relationship from RMA's negligence.

4  44.  As a result of the negligence of Cox on behalf of RMA, Dawood is not the

5  same father and husband he took pride in being.  His family has suffered loss of love,

6  affection, society, consortium, including damages for harm of the parent-child and husband-

7  wife relationship. All plaintiffs have suffered great emotional and physical pain and suffering

8  and general and special damages as a result of the death of Ali and injuries to Dawood.  The

9  child beneficiaries have had the relationship with their father's irreparably destroyed as have

10  the wives of these two Plaintiffs.

11  45.  As a result of the negligence of Cox on behalf of RMA, Ali and Dawood's

12  work truck, trailer, and most of their lawn maintenance tools are ruined.  Their family

13  business has suffered greatly from the loss of Ali's life, Dawood's injuries, and their

14  equipment at the hands of RMA's negligence.

## VI.  PRAYER FOR RELIEF

WHEREFORE, Plaintiffs requests a judgment against Defendants:

(a)  Awarding general and special damages in an amount to be proven at trial;

(b)  Awarding attorneys' fees and all costs of suit available under the law;

(c)  Awarding any and all applicable interest on the judgment; and

(d)  Awarding such other and further relief as the Court deems just and proper.

## VII.  DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b) and Washington Constitution Article 1, § 21, Plaintiffs demand a jury for issues so triable.

CONNELLY LAW OFFICES, PLLC
2301 North 30th Street
Tacoma, WA  98403
(253) 593-5100 Phone - (253) 593-0380 Fax

1  DATED this 4th day of October, 2016.

2                  CONNELLY LAW OFFICES, PLLC

4  By_____
    John R. Connelly, Jr., WSBA No. 12183
5      2301 North 30th Street
    Tacoma, WA 98403
6      Phone: (253) 593-5100
    E-mail: jconnelly@connelly-law.com

8  By_____
    Micah R. LeBank, WSBA No. 38047
9      2301 North 30th Street
    Tacoma, WA 98403
10     Phone: (253) 593-5100
    E-mail: mlebank@connelly-law.com