HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| HEVI MOHAMMED, individually, and as personal representative of the estate of ALI MUSTAFA SAEED, and the beneficiaries of the estate including K.S., and V.S.; DAWOOD AMEDI, individually and KAVI MOHAMMED, individually, and as parents and legal guardians of N. A. and L. A., and AMEDI'S LANDSCAPING,<br><br>Plaintiffs,<br>v.<br><br>UNITED STATES OF AMERICA, BONNEVILLE POWER ADMINISTRATION; and RESOURCE MANAGEMENT ASSOCIATES, INC., an Oregon Corporation,<br><br>Defendants. | No. 2:16-cv-01552-RAJ<br><br>**ORDER** |

This matter comes before the Court on Defendant Resource Management Associates, Inc.'s ("RMA") Motion to Continue the Trial Date and Modify Case Schedule. Dkt. # 30. Plaintiff opposes the motion. Dkt. # 35.[1] For the reasons that follow, the Court DENIES the motion.

---

[1] The Court strongly disfavors footnoted legal citations. Footnoted citations serve as an end-run around page limits and formatting requirements dictated by the Local Rules. *See* Local Rules W.D.

ORDER - 1

Plaintiffs filed suit on October 4, 2016.  Dkt. # 1.  On February 22, 2017, the Court set the trial date and related deadlines.  Dkt. # 14.  In September 2017, the parties stipulated to extending their deadlines to disclose experts and complete discovery.  Dkt. # 22.  Now Defendant RMA seeks a further extension of time to complete discovery, which would result in a continuance of the parties' April 2018 trial date.  Dkt. # 30.

Rule 16 governs motions to modify scheduling orders and requires the moving party to show "good cause" for any such request.  Fed. R. Civ. P. 16(b)(4); *see also Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992), *Paz v. City of Aberdeen*, C13-5104 RJB, 2013 WL 6163016, at *2 (W.D. Wash. Nov. 25, 2013).  The Ninth Circuit explained the "good cause" standard for the purposes of Rule 16 in *Johnson*:

> Rule 16(b)'s "good cause" standard primarily considers the diligence of the party seeking the amendment. The district court may modify the pretrial schedule if it cannot reasonably be met despite the diligence of the party seeking the submission. Moreover, carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief. Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon

---

Wash. LCR 7(e).  Moreover, several courts have observed that "citations are highly relevant in a legal brief" and including them in footnotes "makes brief-reading difficult."  *Wichansky v. Zowine*, No. CV-13-01208-PHX-DGC, 2014 WL 289924, at *1 (D. Ariz. Jan. 24, 2014).  The Court strongly discourages the Parties from footnoting their legal citations in any future submissions.  *See Kano v. Nat'l Consumer Co-op Bank*, 22 F.3d 899-900 (9th Cir. 1994).

> the moving party's reasons for seeking modification. If the
> party was not diligent, the inquiry should end.

*Johnson*, 975 F.2d at 609 (citations omitted).

RMA's proffered reasons for modification are that (1) RMA has diligently met the Court's deadlines thus far; (2) RMA will not be able to collect all the records it needs by the discovery cutoff; and (3) new parties and new lawyers have joined the case and need time "to get up to speed." Dkt. # 30 at 3-4.

The Court does not find these reasons sufficient to overcome RMA's burden to show "good cause." That RMA has managed not to violate the Court's deadlines thus far is an expected floor, not a ceiling, of professionalism when litigating in this forum. Moreover, RMA made conclusory statements that it could not receive the necessary records by December 22, 2017; conclusions, without more, are not persuasive in this context. Notably, RMA nearly concedes that other parties in this matter have been diligently progressing through the discovery process while RMA has been watching from the sideline. *See, e.g.*, Dkt. ## 30 at 3 ("**Plaintiffs have** deposed several . . . employees[.]") (emphasis added); 40 at 2 (stating that "the United States of America was the party that noted the deposition of Plaintiffs" while RMA "attended and participated in those deposition."), 3 ("RMA also attended the six deposition of . . . employees **noted by Plaintiffs**.") (emphasis added). Finally, it is unclear why new counsel—no doubt experienced attorneys—could not "get up to speed" in a case that is not overly sophisticated or technical.

//

//

//

//

RMA has simply not met its burden to show "good cause" to modify the Court's scheduling order. For these reasons, the Court **DENIES** the motion. The Court denies the motion without prejudice; RMA may refile should there appear to be actual issues in receiving the required documents by the discovery cutoff.

Dated this 4th day of December, 2017.

*Richard A. Jones*

The Honorable Richard A. Jones
United States District Judge