HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| HEVI MOHAMMED, individually, and as personal representative of the estate of ALI MUSTAFA SAEED, and the beneficiaries of the estate including K.S., and V.S.; DAWOOD AMEDI, individually and KAVI MOHAMMED, individually, and as parents and legal guardians of N. A. and L. A., and AMEDI'S LANDSCAPING,<br><br>Plaintiffs,<br>v.<br><br>UNITED STATES OF AMERICA, BONNEVILLE POWER ADMINISTRATION; and RESOURCE MANAGEMENT ASSOCIATES, INC., an Oregon Corporation,<br><br>Defendants. | No. 2:16-cv-01552-RAJ<br><br>**ORDER** |

This matter comes before the Court on Defendant Resource Management Associates, Inc.'s ("RMA") Motion to Compel and Motion to Amend Case Schedule (Dkt. # 65) and Plaintiffs' Motion to Strike RMA's Experts (Dkt. # 62). For the reasons that follow, the Court **GRANTS** the Motion to Compel and **DENIES** the Motion to Strike Defendants' Experts.

ORDER - 1

Plaintiffs filed suit on October 4, 2016. Dkt. # 1. On February 22, 2017, the Court set the trial date and related deadlines. Dkt. # 14. In September 2017, the parties stipulated to extending their deadlines to disclose experts and complete discovery. Dkt. # 22. Defendant RMA sought a further extension of time to complete discovery, which would result in a continuance of the parties' April 2018 trial date. Dkt. # 30. The Court denied RMA's motion to continue the trial date. Dkt. # 61. Therefore, the deadline to exchange expert reports remained fixed at November 1, 2017, the deadline to complete discovery remained fixed at December 22, 2017, and the trial is set for April 2, 2018.

RMA now requests that the Court compel Plaintiffs to produce certain documents, submit to independent medical examinations, and continue the discovery deadlines and trial date. Dkt. # 65. RMA argues that equity requires the Court to extend certain deadlines, including continuing the trial date, so that this case may be tried on the merits.

Rule 16 governs motions to modify scheduling orders and requires the moving party to show "good cause" for any such request. Fed. R. Civ. P. 16(b)(4); *see also Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992), *Paz v. City of Aberdeen*, C13-5104 RJB, 2013 WL 6163016, at *2 (W.D. Wash. Nov. 25, 2013). The Ninth Circuit explained the "good cause" standard for the purposes of Rule 16 in *Johnson*:

> Rule 16(b)'s "good cause" standard primarily considers the diligence of the party seeking the amendment. The district court may modify the pretrial schedule if it cannot reasonably be met despite the diligence of the party seeking the submission. Moreover, carelessness is not compatible with a finding of diligence and offers no reason for a grant

>of relief. Although the existence or degree of prejudice to
>the party opposing the modification might supply additional
>reasons to deny a motion, the focus of the inquiry is upon
>the moving party's reasons for seeking modification. If the
>party was not diligent, the inquiry should end.

*Johnson*, 975 F.2d at 609 (citations omitted).

On February 26, 2018, the Court held a hearing on this matter. Based on the parties' representations, the Court finds good cause to modify its scheduling order. To be sure, the Court notes that the parties have not been diligent in pursuing all the required discovery in this matter, which has, in part, led to the current scheduling conflict. Moreover, the discovery pursued and produced by the parties has been done strategically in ways that sound more in gamesmanship than camaraderie. Nevertheless, the Court **GRANTS** RMA's motion to amend the scheduling order. Dkt. # 65. **The Court will continue the trial until August 13, 2018. The Court directs the Clerk to enter a new case schedule pursuant to this Order**.

Based upon counsel's testimony during the February 26th hearing, the Court is satisfied that the discovery sought is relevant and necessary to the litigation. Therefore, Court **GRANTS** RMA's motion to compel certain examinations, expert witness documents, and financial documents. *Id.*

Plaintiffs argue that the Court should strike Defendants' expert witnesses because Defendants were dilatory in their disclosures. Dkt. # 62. The Court finds that Defendants timely disclosed their rebuttal expert witnesses. The Court will permit both the experts and their reports to remain at this time. However, once Plaintiffs rest their case at trial, the Court will take a brief recess in order to allow Defendants the opportunity to articulate which rebuttal expert witnesses they expect will testify and precisely what rebuttal testimony each witness will offer. The Court will do this to

prevent any abuse or prejudice that may arise from Defendants disguising primary expert witnesses as rebuttal expert witnesses.

Plaintiffs also argue that Defendants' experts will engage in duplicitous testimony. The Court will reserve judgment on this matter. If at trial it appears that Defendants' experts are offering duplicative testimony, Plaintiffs may object on the record and the Court will make a ruling at that time. Moreover, if it appears at trial that the rebuttal experts are offering primary expert testimony, then Plaintiffs may raise the proper objections at trial and the Court will rule on the issue at that time.

For this reason, the Court **DENIES** Plaintiffs' Motion to Strike Defendants' rebuttal expert witnesses. Dkt. # 62.

Dated this 1st day of March, 2018.

*Richard A. Jones*
The Honorable Richard A. Jones
United States District Judge